LEWIS et al. v. PARSONS NON-SKID CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1916.)

No. 2274.

PATENTS ⟨⟩328—INFRINGEMENT—ARMOR FOR PNEUMATIC TIRES.
    The Parsons patent, No. 723,299, for armor for pneumatic tires, *held* infringed by the device of the Frambach & Carrington patent, No. 1,096,101.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois; Arthur L. Sanborn, Judge.

Suit in equity by the Parsons Non-Skid Company and the Weed Chain Tire Grip Company against Edward D. Lewis, Thomas D. Garvin, Matthew J. Frambach, the E-Z-On Chain Tire Protector Company, and the Hartley Manufacturing Company. Decree for complainants, and defendants appeal. Affirmed.

George Mankle, of Chicago, Ill., for appellants.

Victor Elting, of Chicago, Ill., and Frederick S. Duncan, of New York City, for appellees.

Before KOHLSAAT and ALSCHULER, Circuit Judges.

KOHLSAAT, Circuit Judge. The District Court adjudged appellants to have infringed the six claims of patent No. 723,299, granted to H. Parsons for "armor for pneumatic tires" on March 24, 1903, and ordered an accounting. The patent was sustained by us in Ex-

·celsior Supply Co. and Motor Appliance ·Co. v. Weed Chain Tire Grip Co., Harry D. Weed, and Parsons Non-Skid Co., Limited, 192 Fed. 35, 113 C. C. A. 1. Its validity is here conceded. Claim 6, which is typical of all the claims and fully sets out the subject-matter in suit, reads as follows, viz.:

"Antislipping or protective means for the peripheries of wheels, pulleys or the like, comprising two rings or annuli at opposite sides of the wheel, and an antislipping or protective medium consisting of a chain or chains secured to the rings and extending across and around the periphery of the wheel, said parts being disconnected from but retained on the wheel whereby the anti-slipping or protective medium is free to move or shift its position around the periphery thereof."

Fig. 2 of the drawings of the patent is here reproduced as follows:

Fig 2

The Parsons device in suit consists of two side members of chain or other flexible material, such as wire cable, located, when in position, at opposite sides of the tire and far enough down the tire to prevent either side member being accidentally pulled over the periphery and off the tire. These two side members are connected at frequent intervals by cross members, preferably in the form of chains, that extend from one side member across and around the periphery of the tire to the other side member, forming, with the side members, a kind of a metal trough, readily put in and removed from position on the tire. In practice the ·device is applied with sufficient snugness to enable the cross members near the bottom of the tire to hang slightly free from the tread of the tire. When in motion, the chain grip, being greater in circumference than the tire will creep upon the tire, each part changing its position relative to the tire.

The main purpose of the grip, it is claimed, that is, the prevention of the skidding of the automobile, is accomplished by reason of the fact that as each cross chain is brought successively between the tire and the roadbed, it is pressed partly into the roadbed and partly into the rubber of the tire, thus temporarily locking the wheel to the road-bed and effectively preventing skidding.

Parsons· was the first to recognize the fact that creeping was inevitable, and to make provision for it in an antiskidding device. He also discovered that its presence was not undesirable in the application of means to prevent skidding. In the prior art it was supposed that the antiskidding device should be secured against creeping by being anchored in some way to the tire or wheel. Thus creeping was largely

avoided, but the penalty for opposing the natural law of two concentric peripheries in motion was always exacted—the tire was destroyed. This, Parsons sought to and did avoid.

The infringing device is claimed to be constructed in accordance with patent No. 1,001,518, granted to Frambach & Carrington for a tire protector. Fig. 1 of the drawings of this patent is as follows, viz.:

Fig. 1

As a matter of fact, the device of the appellants is that of patent No. 1,096,101, granted to Frambach & Carrington May 12, 1914, for an "antislipping device," as will be seen from Fig. 1 of the drawings of that patent, herewith reproduced:

In the last-named patent the solid metal shield links of the side chains, as shown in patent No. 1,001,518, are skeletonized, just as are those of appellants. This seems to be the main difference between the two patents of Frambach & Carrington, and constitutes, so far as we can discover, the main ground for changing the name of the devices from "a tire protector" to an "antislipping device." In their last-named specification they say:

Fig. 1

"Our invention relates to new and useful improvements in antislipping devices, and more particularly to antislipping devices adapted to be used in connection with pneumatic, cushion or other forms of vehicle tires. The object of our invention is to provide an antislipping device which will at all times be held in close engagement with the tire."

As will be seen from the drawing, appellants used the metallic chain trough or cradle of Parsons, claiming the following differences: Their cross chains are applied taut and snug fitting; their peripheral chain is composed in part of what Frambach & Carrington in patent No. 1,096,101 call O-shaped links *9;* the ends of the wire from which each link O is constructed are extended to form a hook to engage the cross chain; these O-shaped links of the circumferential chain are united into a chain by means of ordinary links *10.*

The one claim of patent No. 1,096,101, aforesaid, reads as follows, viz.:

"A non-skidding wheel attachment consisting of a pair of companion side chains adapted to be placed against the sides of a vehicle wheel tire, said side chains comprising major links having relatively large closed loops and terminal normally contacting open spring hooks extending laterally thereof, the loops normally lying in bodily contact with the side of the tire, relatively

short minor links connecting the contiguous ends of the major links in proper relation to each other, and tread chains having loose detachable end connection with the terminal hooks and holding said major links yieldingly closed."

The two claims of said patent No. 1,001,518, are mainly devoted to the description of the solid so-called shield links.

The specification of patent No. 1,096,101 says:

" * * * By forming the links 9 in the manner shown, the side walls of the tire will be sufficiently armored to protect the same from wear when the vehicle wheel happens to go into ruts or is run over a very rough roadway."

The function of protection we find to be negligible in appellants' device, since the body of the shields shown in patent No. 1,001,518 are skeletonized to a degree which leaves them little or no more effective as protectors than are the chains of Parsons.

In the later patent, No. 1,096,101, the specification says:

"By forming the links 9 in the manner shown in the drawing, the same may be placed under considerable tension so that the antislipping device will be maintained tight upon the tread of the wheel at all times."

Patent No. 1,001,518 makes no mention of this feature. We gather from the record that the benefit arising from this function is also negligible in appellants' device, and that the Parsons chain possesses the same advantage, if it be such.

It is not shown that any particular degree of close-fitting of the device is desirable. Both devices under consideration tend to tighten the fit and slow up the creeping in case of quick braking or rapid starting in slippery places. Whatever tightening of the devices occurs, arises from the distortion of the cross chains and consequent pulling of the side chains out of alignment. It seems to be common to both devices. It is shown that even when placed snugly upon the tire, the cross chains become slack and pendent when about to contact with both the tire and the surface of the roadway. Thus these chains in appellants' device, under such circumstances, act exactly as do those of appellees—they form a non-skidding tread under the wheel. This was one of the main features of Parsons' chain, as stated in our opinion in the Excelsior Case.

At first, appellants claimed that their device provided against creeping, but at length creeping was conceded, though claimed to be less in degree than in Parsons. The law of the combination, that is, the principle of the operation of the concentric wheels of different size, when in motion, necessarily is that the larger will move faster than the lesser, and creeping must necessarily occur. Any provision for preventing this movement must result pro tanto in an abnormal strain somewhere. The evidence shows that the strain is apt to disrupt the tire. By adapting the antiskid appliance so that it may obey the law of its association with the tire, the wear upon the tire which would be caused by the links bearing thereon, always in the same place, is avoided. Parsons discovered and brought these principles forth. Appellants have appropriated them with slight attempt at concealment. The chain side members differ only in the form of the links and not in substance. Nor are their functions essentially different. The cross

chains are and operate the same in both devices. The creeping is provided for in both, since in both the antiskid structure is free to travel as fast as impelled by the law governing the combination.

We conclude that appellants' device constituted an infringement of the patent in suit.

The decree of the District Court is affirmed.